**United States District Court**
**District of Massachusetts**

| | |
|---|---|
| **Krestel Enterprises Limited Partnership, et al.,**<br>**Plaintiffs,**<br>**v.**<br>**PLH Vineyard Sky LLC,**<br>**Defendant.** | **Civil Action No. 26-11301-NMG** |

**MEMORANDUM & ORDER**

**GORTON, J.**

In March, 2026, plaintiffs Krestel Enterprises Limited Partnership ("Krestel") and New England Forestry Foundation, Inc. ("NEFF," and collectively with Krestel, "plaintiffs"), filed a one-count complaint in the Commonwealth of Massachusetts Land Court ("the Land Court"), requesting a declaratory judgment regarding a deeded right of way ("the ROW") on real property located in Winchendon, Massachusetts ("the Property") owned by defendant PLH Vineyard Sky LLC ("defendant" or "PLH"). Soon thereafter defendant removed the case to this Court, invoking diversity jurisdiction. Plaintiffs now move to remand the case to the Land Court, contending that the amount in controversy does not exceed the statutory minimum. For the reasons that follow, that motion will be allowed.

## I. Facts

Krestel is the previous owner of the Property. It was conveyed to PLH via a recorded quitclaim deed in 2019. The conveyance was subject to various reservations, including

> a right of way for all street purposes to pass and repass from Teel Road northerly to Spring Street (Rte. 12) in a location mutually convenient to the Grantor and Grantee or their assigns.

In 2025, the parties attempted to agree upon a mutually convenient location for the ROW but were unable to come to an agreement. PLH has maintained that the only suitable location for the ROW is a 14 foot tract along the western edge of the property. Plaintiffs intend to use the ROW for the transportation of forest products from an abutting property, which will require the use of eighteen-wheeler trucks. They aver that the proposed ROW is not wide enough for eighteen-wheeler trucks to navigate and is situated in a location containing wetlands subject to regular seasonal flooding.

In their complaint, plaintiffs also add that they believe there is an existing road ("the Solar Road")

> on the Property from Teel Road northerly to Spring Street that has been used in the past for transportation of forest products from the same abutting property by the prior owner of the Property.

## II. Legal Standard

A defendant may remove to federal district court any state court civil action that could have initially been brought in the

federal district court. 28 U.S.C. §1441(a); see Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). The defendant bears the burden of establishing that federal jurisdiction exists. Ortiz-Bonilla v. Federacion de Ajedrez de Puerto Rico, Inc., 734 F.3d 28, 34 (1st Cir. 2013). Because removal jurisdiction implicates serious federalism concerns, removal statutes are construed "strictly and against removal." Rhode Island v. Shell Oil Prods. Co., 35 F.4th 44, 52 (1st Cir. 2022).

Federal district courts have original jurisdiction over cases in which there is complete diversity of citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §1332(a). If the plaintiff demands a stated sum as monetary relief in the state court complaint, that sum, if asserted in good faith, is deemed to be the amount in controversy. Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81, 84 (2014) (citing 28 U.S.C. §1446(c)(2)). If the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so. Id.

When the relief requested is injunctive or declaratory, rather than monetary, "the amount in controversy is measured by the value of the object of the litigation." Hunt v. Wash. State Apple Advert. Comm'n, 432 U.S. 333, 347 (1977); see also CE Design Ltd. v. Am. Econ. Ins. Co., 755 F.3d 39, 43 (1st Cir. 2014) (explaining that for declaratory relief, the amount in

controversy is "the value of the right or the viability of the legal claim to be declared").

## III. Discussion

### A. Object of the Litigation

Defendant contends that the object of this litigation is "whether Plaintiffs will be permitted to use [the] $317,000 [Solar Road] for year-round industrial logging operations" and that the amount in controversy therefore "substantially exceeds" $75,000. In support of that contention, PLH has submitted an affidavit from Christopher Little, the Chief Operating Officer of the company that manages the solar facility. That affidavit declares, in relevant part, that 1) the cost to construct the road was $317,000, 2) year-round use by eighteen-wheeler trucks would increase annual maintenance costs by at least $15,000, 3) every five years an additional $43,500 of gravel would need to be added and 4) that the cumulative costs imposed on PLH over the 30-plus-year life of the solar facility would likely exceed $500,000.

Defendant's argument is misdirected. First, the amount in controversy should be assessed from the viewpoint of the plaintiff, not the defendant. CE Design, 755 F.3d at 43. The relevant inquiry is not the cost defendant will incur if relief is granted but rather the value of the right plaintiff seeks to have declared. Thus, assuming that plaintiff's right to use the

Solar Road is the object of the litigation, the defendant was obligated to submit evidence demonstrating that such a right is worth over $75,000. Defendant instead focused entirely on the cost it would incur if plaintiff were to use the Solar Road.

The Court acknowledges that valuing non-monetary rights is a difficult task and that in certain circumstances, it can be "logical and more feasible" to measure the amount in controversy by the cost to defendant if the right is enforced. Id. at 48 (noting, in dictum, that "putting a precise dollar amount on nonmonetary rights" can be difficult but declining to depart from the plaintiff-perspective approach where the value of the rights involved is "easily ascertainable"). The Court is not convinced that such an approach is necessary here. Assuming, arguendo, that the object of the litigation is plaintiff's right to use Solar Road, one potential measure of the value of that right is the cost plaintiff would avoid by not having to construct a new road.

That being said, it is not entirely clear that the object of the litigation is plaintiff's right to use the Solar Road. The only mention of the Solar Road in the complaint is a single sentence noting its existence. Defendant's assertion that plaintiff seeks a perpetual easement allowing use of the Solar Road is highly speculative. Plaintiff has asked for a judicial determination of its rights under the contract, including the

location of the right of way. Defendant has submitted no evidence with respect to that issue and thus has failed to meet its burden.

**B. Remaining Amount-in-Controversy Claims**

Defendant argues that its counterclaims independently establish that the amount in controversy exceeds $75,000. In doing so, defendant encourages the Court to depart from its own decision holding that compulsory counterclaims cannot be considered in determining whether the jurisdictional amount-in-controversy requirement has been met. See FLEXcon Co., Inc. v. Ramirez Com. Arts, Inc., 190 F. Supp. 2d 185 (D. Mass. 2002). The Court declines that invitation and stands by its previous holding.

Finally, defendant contends that the amount-in-controversy requirement of 28 U.S.C. §1332 is constitutionally suspect and thus "any jurisdictional doubt" should be resolved in its favor. That argument is without merit. The amount-in-controversy threshold has been routinely upheld for centuries and will be enforced in this case.

**C. Attorneys' Fees**

Plaintiff claims it is entitled to attorneys' fees because defendant lacked an objectively reasonable basis for removing the case. 28 U.S.C. §1447(c). In support of that request, plaintiff notes that defendant provided no reasoning or

explanation of the alleged amount in controversy in its Notice of Removal. The Supreme Court's decision in Dart Cherokee, however, makes clear that the notice of removal "need not contain evidentiary submissions." 574 U.S. at 84.

Defendant's burden to prove the alleged amount, by a preponderance of the evidence, is measured at the time plaintiff filed its motion to remand. Id. at 87-88. Defendant ultimately did not meet that burden but there was an objectively reasonable basis for the removal, particularly given the acknowledgment by the First Circuit Court of Appeals that there are cases in which the amount-in-controversy may properly be assessed from defendant's perspective. See CE Design, 755 F.3d at 43. As such, plaintiff is not entitled to attorneys' fees.

**ORDER**

For the foregoing reasons, plaintiff's motion to remand the case to the Commonwealth of Massachusetts Land Court (Docket No. 9) is **ALLOWED** but its motion for attorneys' fees is **DENIED**.

**So ordered.**

Nathaniel M. Gorton
Nathaniel M. Gorton
Senior United States District Judge

Dated: August 14, 2026